UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUNGSTEN HEAVY POWDER AND PARTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KHEM PRECISION MACHINING, LLC, <br><br> Defendant. | Case No. 17-CV-1882-JAH(WVG) <br><br> **ORDER GRANTING PLAINTIFF TUNGSTEN HEAVY POWDER AND PARTS, INC.'S *EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY** <br><br> **[ECF No. 5.]** |

Pursuant to Rule 26(d), plaintiff Tungsten Heavy Powder and Parts, Inc. ("Tungsten") applies *ex parte* for an Order permitting limited expedited discovery. (ECF No. 5.) An untimely opposition was filed on November 10, 2017. (ECF No. 8.)[1] Having reviewed the papers and arguments therein, Tungsten's Application is GRANTED.

---

[1] Defendant's motion to shorten time to file the untimely opposition is GRANTED. (ECF No. 8.) Although defense counsel did not make his appearance in this case until after the *ex parte* motion was filed, Plaintiff mail-served the motion on defense counsel upon filing. Although mailing time would not have allowed Defendant sufficient time to receive the motion and prepare a response, the Court notes it took Defendant more than two weeks to do so. Nonetheless, the Court gives Defendant the benefit of the doubt in this instance. In the future, however, the Court will expect strict compliance with all deadlines.

## I. BACKGROUND

In July 2015, defendant Khem Precisions Machining, LLC ("Khem"), a machining company in Richmond, Virginia, ordered a large number of tungsten buffer weights from Tungsten. (Sery Decl. ¶ 4, ECF No. 5-3.) Khem accepted the buffer weights and ultimately used them to manufacture finished assemblies for its end customer. (*Id.* at ¶ 6.) To date, Khem has allegedly refused to pay all amounts invoiced for the buffer weights and threatened that it will sell or dispose of its assets to prevent Tungsten from obtaining recovery through litigation. (*Id.* at ¶ 7-9.)

On September 14, 2017, Tungsten filed a Complaint and Summons against Khem for breach of contract. (*See* ECF No. 1.) Tungsten believes Khem is actively taking steps to dispose of assets to frustrate recovery in this action and requests permission for expedited discovery to gather information necessary to decide whether to seek preliminary injunctive relief. (Yun Decl. ¶ 5-6, ECF No. 5-4.)

On October 25, 2017, Tungsten filed a motion for expedited discovery requesting: (1) Khem's financial accounting records, including financial reports, profit and loss statements, and balance sheets, since August 14, 2015; (2) all documents related to any effort by Khem to obtain bankruptcy protection; (3) all documents related to Khem's efforts to sell, alienate, or otherwise dispose of any of Khem's assets; (4) copies of Khem's document retention policy; and (5) the deposition of a Khem designee sufficiently knowledgeable about topics related to (1)-(4). (Ex. A to Appl. 7:3-13, 12:8-18, ECF No. 5-2.) Tungsten also seeks to depose a person motion knowledgeable about these documents and topics.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(d), discovery generally does not commence until parties to an action meet and confer as prescribed by Federal Rule of Civil Procedure 26(f), unless allowed by court order or agreement of the parties. A court may permit early discovery if the requesting party demonstrates good cause. *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* In determining whether good cause justifies expedited discovery, courts commonly consider the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Am. LegalNet., Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011).

### III. DISCUSSION

The Court finds that the balance of factors favors Tungsten. First, there is no motion for preliminary injunction pending, which weighs against Tungsten. However, Tungsten has a need to determine whether injunctive relief is necessary to ensure Khem does not improperly dispose of its assets. *See Interserve, Inc. v. Fusion Garage PTE, Ltd.*, No. C09-5812-JQ(PVT), 2010 U.S. Dist. LEXIS 6395, at *7, 2010 WL 143665, at *2 (N.D. Cal. Jan. 7, 2010) ("Expedited discovery will allow plaintiff to determine whether to seek an early injunction."). Preliminary injunctions have been granted in this District in such circumstances. *See, e.g.*, *Odyssey Reinsurance Co. v. Nagby*, No. 16-CV-3038-BTM(WVG), 2017 U.S. Dist. LEXIS 165582, 2017 WL 4432453 (S.D. Cal. Oct. 4, 2017). Second, the discovery requested is limited to only one deposition and information related to any efforts by Khem to dispose of assets. Third, the deposition and documents sought are narrowly tailored to determining whether Khem has or plans to dispose of assets to prevent any recovery in this litigation. Fourth, the burden on Khem is relatively minimal. Tungsten requests a single deposition and documents that are readily obtainable and, as Khem acknowledges, would have to be produced in the normal course of the litigation. Any burden on Khem is outweighed by the interests of justice. Fifth, discovery in the normal course will commence in the next few months given that Khem has filed an

Answer and a combined Early Neutral Evaluation and Case Management Conference has been scheduled. Thus, while the instant request for discovery is early, it is not extraordinarily so. This factor favors neither party.

The Court disagrees Khem would be prejudiced by early discovery. As Khem notes, the requested discovery is fair game and will come forth during the course of discovery later in the case. Given this acknowledgement, it is unclear how Khem will suffer *prejudice* if inevitable discovery is taken early. Khem certainly has not specifically set forth how it would be prejudiced. The Court also disagrees that the nature of Tungsten's requests will open every case to expedited discovery motions. What sets this case apart is the purported threat that Khem will take steps to thwart Plaintiff's efforts to collect money it is owed. Not every case involves such circumstances. And although Khem characterizes this representation as a "bald assertion," it was made in a sworn declaration filed under the penalty of perjury and Rule 11 sanctions. Such declarations have evidentiary value. Aside from calling this representation a bald assertion, Khem has not countered it with a declaration or other evidence.

In sum, the Court finds Tungsten has shown good cause for early discovery. The information sought through the proposed deposition and document production is relevant as to any future request for preliminary injunctive relief and is likely to assist the Court in proceeding with the litigation. However, the Court finds the deposition should be limited in duration. The Court determines that four hours should be sufficient for Tungsten to inquire about any efforts by Khem to dispose of assets.

### IV. CONCLUSION

IT IS HEREBY ORDERED that the parties comply with the following expedited discovery:

1. Defendant Khem is ordered to produce a witness to testify on its behalf pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure on the topics

identified in Exhibit A to Tungsten's *Ex Parte* Application within three weeks of the date of this Order. Deposition shall be limited to four hours.

    2.    Khem is ordered to produce documents responsive to the categories set forth in Exhibit A to the *Ex Parte* Application for Limited Expedited Discovery within two weeks of the date of this Order.

    3.    Nothing in this Order is intended to limit the scope of discovery taken by Tungsten during the discovery period as set forth in a Scheduling Order to be entered following the Rule 26 conference.

IT IS SO ORDERED.

DATED: November 14, 2017

_____
Hon. William V. Gallo
United States Magistrate Judge